

**ORIGINAL**
FILED IN OPEN COURT
U.S.D.C. - Atlanta

AUG 06 2024

KEVIN P. WEIMER, Clerk
By: ⟨⟩ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

CHAD BUICE

Criminal Indictment

No. **1:24CR246**

THE GRAND JURY CHARGES THAT:

**Counts One and Two**
Wire Fraud
18 U.S.C. § 1343

1. From a date unknown but at least by in or around January 2017, and continuing until in or around August 2020, in the Northern District of Georgia and elsewhere, the defendant, CHAD BUICE, did knowingly devise and intend to devise a scheme and artifice to defraud J&R Refrigerated Express, Inc., and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and in so doing, with intent to defraud, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## Background

At times relevant to the Indictment:

2.  Halperns' Steak and Seafood ("Halperns") was a food distribution business headquartered in Atlanta, Georgia.

3.  Defendant BUICE was the Vice President of Operations at Halperns. He managed transportation operations and was responsible for coordinating with third-party vendors involved in the transportation of products.

4.  J&R Refrigerated Express, Inc. ("J&R Trucking"), was a shipping company headquartered in Cobb County, Georgia. J&R Trucking was a third-party vendor that transported shipments for Halperns.

5.  J.K. is the owner of J&R Trucking.

## Scheme to Defraud

6.  The object of the scheme to defraud was for defendant BUICE to steal money from J&R Trucking by fraudulently representing that Halperns required J&R Trucking to pay a weekly fee to park its trucks and trailers in a parking lot near Halperns' warehouse.

7.  As part of the scheme to defraud, defendant BUICE contacted J.K. and informed him that Halperns was charging J&R Trucking $1,000 per week to use the parking lot near Halperns' warehouse, well knowing at the time that Halperns did not request, approve, or intend to charge J&R Trucking for the use of the parking lot.

8.  To conceal the scheme, defendant BUICE created false and fraudulent invoices and required J&R Trucking to make the weekly payments to defendant

2

BUICE's company, Buice Consulting, rather than pay Halperns directly. This misrepresentation allowed defendant BUICE to conceal from Halperns that J&R Trucking was paying to use the parking lot.

9. In furtherance of the scheme, defendant BUICE sent false and fraudulent invoices to J&R Trucking via email, requesting that J&R Trucking pay the invoices via check or ACH. These emails caused interstate and foreign wire transmissions.

10. Relying on defendant BUICE's false and material misrepresentations, J&R Trucking paid defendant BUICE via check or ACH to continue using the parking lot under the belief that Halperns was requiring and receiving these payments. In fact, as defendant BUICE knew, Halperns was unaware of the payments and was not receiving the payments made by J&R Trucking.

11. In total, defendant BUICE stole more than $175,025.00 from J&R Trucking using the false and fraudulent invoices.

### Execution of the Scheme

12. On or about each date set for below, in the Northern District of Georgia and elsewhere, defendant BUICE, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, with intent to defraud, did cause to be transmitted by means of a wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, that is, the wire communications described below:

3

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICAITON |
|-------|------|-----------------------------------|
| 1 | 8/06/2020 | Email from defendant BUICE to J.K. with $1,275 invoice for "parking and trailer hostling" |
| 2 | 8/20/2020 | Email from defendant BUICE to J.K. with $1,425 invoice for "parking and trailer hostling" |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE

13. Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, the defendant, CHAD BUICE, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of this Indictment.

14. If, as a result of any act or omission of defendant BUICE, property subject to forfeiture:

a) cannot be located upon the exercise of due diligence;

b) has been transferred to, sold to, or deposited with, a third party;

c) has been placed beyond the jurisdiction of the Court;

d) has been substantially diminished in value; or

e) has been commingled with other property, which cannot be divided without difficulty,

4

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of other property of the defendant up to the value of the forfeitable property.

A ___Trne___ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

BERNITA MALLOY
*Assistant United States Attorney*
Georgia Bar No. 718905

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181